

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

William M. McLaren
Assistant U.S. Attorney
William.McLaren@usdoj.gov
(541) 465-6627
*Reply to Eugene Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 17, 2024

Murdoch Walker, II, Esq.
Lowther | Walker LLC
101 Marietta St, NW
Centennial Tower, Suite 3650
Atlanta, GA 30303

   Re: *United States v. Diesel & Offroad Authority, LLC* 6:24-cr-00092-MC-1
     Pre-Charge Plea Offer

Dear Mr. Walker:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant Diesel & Offroad Authority, LLC ("Diesel & Offroad Authority" or "defendant") and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement applies neither to any charges other than those specifically mentioned herein nor to any civil or administrative remedy that the Environmental Protection Agency or any other regulatory agency may seek.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Information to be filed in this case, which is transmitted herewith and charges defendant with tampering with a monitoring device, in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C), a Class E felony.

3. **Penalties**: The maximum sentence for an organization found guilty of this offense is a fine of $500,000 or twice the gross pecuniary gains or losses resulting from the offense, whichever is greater, and not more than 5 years of probation. *See* 18 U.S.C. §§ 3571 and 3561(c)(1). Defendant must also pay a mandatory fee assessment of $400 by the time of entry of its guilty plea. *See* 18 U.S.C. § 3013(a)(2)(B).

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, insofar as all the material facts underlying such charges are known to the USAO at the time this agreement is tendered to defendant.

Murdoch Walker, II, Esq.
Re: Diesel & Offroad Authority
Plea Letter
Page 2

---

5.  **Elements of the Offense:** For defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

    1.  Diesel & Offroad Authority, LLC, a person;

    2.  Knowingly;

    3.  Falsified, tampered with, rendered inaccurate, or failed to install;

    4.  A monitoring device or method required under the Clean Air Act.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees and avers that every statement herein and every allegation in the Information is true and correct and that the government could prove every statement beyond a reasonable doubt at trial. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

A.  Diesel & Offroad Authority, an Oregon-based company formed in 2016, operates a diesel repair shop located in Veneta, Oregon. Christopher P. Kaufman owns and operates the company.

B.  Starting in at least 2018 and continuing through 2022, Diesel & Offroad Authority, LLC performed "deletes and tunes" of customers' diesel trucks. This process involved the removal of emissions control systems, which are designed to reduce pollutants being emitted from the vehicles. Under normal operating conditions, an on-board diagnostic system (OBD), a monitoring device that is required under the Clean Air Act, will detect any removal and/or malfunction of a vehicle's emissions control equipment. Upon detection of removal and/or malfunction, a diagnostic trouble code will be recorded and the malfunction indicator light, also known as the "check engine" light, will be illuminated on the dashboard of the vehicle. Under certain circumstances, if the malfunction is not remedied, the vehicle will be forced into "limp mode," where the maximum speed is limited to five miles per hour, incentivizing the vehicle owner to repair the issue. To prevent this from occurring, when the defendant removed or "deleted" the emissions control systems from customer vehicles, the defendant also modified or "tuned" the vehicles' OBDs so that they could no longer detect the removal of the control equipment.

C.  By modifying OBDs on vehicles, Diesel & Offroad Authority knowingly falsified, tampered with, and rendered inaccurate the vehicles' monitoring devices so that the modified vehicles could continue to function despite the removal or deletion of

Murdoch Walker, II, Esq.
Re: Diesel & Offroad Authority
Plea Letter
Page 3

---

emissions control equipment. These activities were done in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C).

D. Between approximately 2018 and 2022, Diesel & Offroad Authority deleted and tuned approximately 184 diesel vehicles for its customers in violation of the Clean Air Act. Depending on the vehicle, the replacement parts for the emissions controls and the type of tunes requested for the vehicle, Diesel & Offroad Authority charged its customers approximately $2,300 for the parts and labor to remove emissions control systems and render inaccurate the vehicles' OBDs. In total, Diesel & Offroad Authority, collected over $378,313 for performing unlawful deletes and tunes on 184 diesel vehicles between 2018 and 2022.

E. Diesel exhaust is known to contain a variety of air pollutants, such as particulate matter (PM), nitrogen oxides (NOx), carbon monoxide (CO) and non-methane hydrocarbons (NMHC), as well as substances identified as hazardous air pollutants under the Clean Air Act: Ethylbenzene, Formaldehyde, n-Hexane, Lead Components, Manganese Compounds, and Mercury Compounds. The act of removing or disabling a vehicle's emissions control system can increase PM by a factor of approximately 40 times, NOx by a factor of approximately 310 times, CO by a factor of approximately 120 times, and NMHC by a factor of approximately 1,100 times.

6. **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives its rights to further production of evidence or information from the government, even though it may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for its unlawful conduct in this case. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Sentencing Recommendation**: Based on the negotiations between the parties and considering the relevant conduct and the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will jointly recommend a sentence of three years' probation. Additionally, the parties will jointly recommend that the Court impose upon defendant a criminal fine of $150,000 to be paid jointly and severally with co-defendant Kaufman.

Murdoch Walker, II, Esq.
Re: Diesel & Offroad Authority
Plea Letter
Page 4

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation consistent with paragraph 7, *supra*, or because defendant breaches this agreement as described in paragraph 12, *infra*.

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, the Defendant, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or challenge or rescind the waiver of appeal as provided in paragraph 9, *supra*.

If defendant believes that the government has breached the plea agreement, it must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, it has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

13. **Restitution**: There is currently no identifiable restitution owed for the offense of conviction. The Court will have sole discretion to determine if the defendant has liability for any restitution.

14. **Criminal Fine**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury

Murdoch Walker, II, Esq.
Re: Diesel & Offroad Authority
Plea Letter
Page 5

---

and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on defendant. Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office. The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Defendant understands and agrees that the total amount of any monetary judgment that the court orders defendant to pay—to include the $150,000 criminal fine outlined in paragraph 8, *supra*—will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine as ordered or has failed to make sufficient bona fide efforts to pay a fine. Additionally, defendant understands and agrees that the government may enforce collection of any fine imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613 and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F) defendant understands and agrees that until a fine is paid in full, defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant shall notify the court and the U.S. Attorney's Office immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay a fine in this matter, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

15.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Murdoch Walker, II, Esq.
Re: Diesel & Offroad Authority
Plea Letter
Page 6

16. **Deadline**: This plea offer expires if not accepted by March 1, 2024, at noon.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney

Defendant Diesel & Offroad Authority, LLC, through responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Defendant understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

2/28/24
Date

For Diesel & Offroad Authority, LLC, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

February 28, 2024
Date

Murdoch Walker, II, Esq.